Geoffrey M. Ezgar (State Bar No. 184243)
gezgar@kslaw.com
King & Spalding LLP
333 Twin Dolphin Drive
Suite 400
Redwood Shores, CA 94065
Telephone: +1 650 590 0700
Facsimile: +1 650 590 1900

*Of Counsel:*

Jeffrey S. Cashdan
Bethany M. Rezek
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5139

Counsel for Defendants IPCO, LLC and SIPCO, LLC

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| EDWIN B. BROWNRIGG, an individual; COMMUNIQUE WIRELESS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>IPCO, LLC dba INTUSIQ, LLC, a Georgia limited liability company; SIPCO, LLC, a Georgia limited liability company; and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Defendants IPCO, LLC ("IPCO") and SIPCO, LLC ("SIPCO") (collectively, "Defendants") hereby file this Notice of Removal of this action from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California, Sacramento Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on the basis of the following facts, which show that this case may be

DEFENDANTS' NOTICE OF REMOVAL    Case No. _____

properly removed to this Court:

1.  Defendants have been sued in a civil action entitled *Edwin B. Brownrigg, an individual; CommUnique Wireless, LLC v. IPCO, LLC dba Intusiq, LLC, a Georgia limited liability company; SIPCO, LLC, a Georgia limited liability company; and Does 1 through 25, inclusive*, Case No. 34-2012-00136764, in the Superior Court of California, County of Sacramento.

2.  Plaintiffs' Complaint was filed on or about December 12, 2012. A copy of Plaintiffs' Complaint was sent, via certified mail, to an address formerly associated with Defendants on February 27, 2013. Defendants received Plaintiffs' Complaint on March 4, 2013.

3.  As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## I. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

1.  Plaintiffs sent the Complaint, via certified mail, to an address formerly associated with Defendants on February 27, 2013. Defendants received Plaintiffs' Complaint on March 4, 2013. *See* Declaration of Candida Petite (attached as **Exhibit A**). Accordingly, this Notice of Removal is timely as it was filed prior to April 3, 2013, the deadline for filing a notice of removal pursuant to 28 U.S.C. § 1446(b) (providing that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceedings is based").

2.  As of the date of this removal, no proceedings have occurred in the Superior Court of California, County of Sacramento, since Defendants were served with the Complaint. Defendants have not filed a responsive pleading to the Complaint. Defendants hereby reserve all rights to assert any and all defenses to the Complaint. Defendants further reserve the right to amend or supplement this Notice of Removal.

2
DEFENDANTS' NOTICE OF REMOVAL                                                      Case No. _____

3. For purposes of this removal, venue lies in the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Eastern District of California. The Superior Court of California, County of Sacramento, is located within the Sacramento Division of the Eastern District of California. *See* Civ. L.R. 120(d). Venue, therefore, is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a). Defendants reserve their right to seek the transfer of this action to another federal court venue.

4. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of "all process, pleadings, and orders served on" Defendants are attached as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs, and a copy is being filed with the clerk of the Superior Court of California, County of Sacramento.

## II. REMOVAL IS PROPER BECAUSE THE COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.

1. Diversity jurisdiction exists in this action because (i) Plaintiffs and Defendants are citizens of different states; and (ii) the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

### A. Complete Diversity Exists.

1. The Court has original jurisdiction over this action, and the action may be removed to this Court, under 28 U.S.C. § 1332(a)(1).

2. The controversy between Plaintiffs and Defendants is a controversy between citizens of different states.

3. According to the Complaint, at the time this action was commenced, Plaintiff Edwin B. Brownrigg was a resident of California. Compl. ¶ 2.

4. According to the Complaint, at the time this action was commenced, Plaintiff CommUniqueWirelesss, LLC ("CommUnique") was a corporation organized under the laws of the State of California that conducts business in California. *Id.* ¶ 3. Plaintiff CommUnique is, therefore, a citizen of California.

5. According to the Complaint, Defendant IPCO is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. *Id.* ¶ 4. Defendant IPCO is, therefore, a citizen of Georgia.

6. According to the Complaint, Defendant SIPCO is a corporation organized under the laws of the State of Georgia with its principal place of business in Atlanta, Georgia. *Id.* ¶ 5. Defendant SIPCO is, therefore, a citizen of Georgia.[1]

**B.     The Amount-in-Controversy Requirement Is Satisfied.**

1. Federal Courts have original jurisdiction over actions between diverse parties where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiffs admit the jurisdictional facts indicating that this requirement for diversity jurisdiction is satisfied. *See, e.g.*, Compl. ¶ 72 ("Defendant IPCO therefore owes at least $1.25 million for the rights to the '062 Patent."); *id.* ¶ 73 (asserting that "Defendant IPCO has not paid Plaintiff CommUnique the $1.25 million owed"); *id.* ¶ 79 (same). Accordingly, the amount in controversy, as alleged on the face of Plaintiffs' Complaint, exceeds the jurisdictional threshold.

### III. CONCLUSION

1. Because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, removal of the above-captioned action to this Court is appropriate under 28 U.S.C. §§ 1441 and 1446.

2. Defendants will, promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), give written notice of the Notice of Removal to Plaintiffs and will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Sacramento.

WHEREFORE, because this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a), Defendants respectfully request that this action be

---

[1] Plaintiffs also name as Defendants Does 1 through 25. *See* Compl. ¶¶ 6-7. These unnamed Defendants, however, should be "disregarded" in determining whether diversity of citizenship exists. *See Ceja-Corona v. CVS Pharmacy*, No. 1:12-cv-01703-AWI-SAB, 2013 WL 638293, at *2 (E.D.Cal. Feb. 12, 2013).

4

removed from the Superior Court of California, County of Sacramento, to the United States District Court for the Eastern District of California, Sacramento Division.

Respectfully submitted, this 29th day of March, 2013.

KING & SPALDING LLP

By: _____
Geoffrey M. Ezgar

*Of Counsel:*

Jeffrey S. Cashdan
Bethany M. Rezek
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5139

*Counsel for Defendants IPCO, LLC and SIPCO, LLC*